FILED

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

2015 FEB -9 PM 2: 27

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**DENIS GEORGE MAHAN P/K/A**
**DENEY TERRIO, an Individual,**

      **Plaintiff,**

v.

**HASBRO, INC. a Rhode Island Corporation**
**and HASBRO STUDIOS, LLC a Delaware**
**Limited Liability Company.**

      **Defendants.**

_____/

**Case No.**

6:15-CV-188-ORL 37-GJK

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, DENIS GEORGE MAHAN P/K/A DENEY TERRIO, ("DENEY TERRIO" or

"Plaintiff"), by and through his undersigned attorneys, hereby sues Defendants, HASBRO, INC.

("HASBRO"), a Rhode Island corporation and HASBRO STUDIOS ("HASBRO STUDIOS"), a

California corporation, (collectively referred to as "Defendants"), for violation of DENEY

TERRIO's Right of Publicity pursuant to Florida Statute §540.08, and for False Endorsement

under Section 43(a) of the Lanham Act, and states the following as grounds:

### PARTIES, JURISDICTION AND VENUE

1.     Plaintiff, DENEY TERRIO is an individual residing in Brevard County, Florida.

2.     Defendant, HASBRO, INC. is a Rhode Island corporation with a principal place

of business located at 1027 Newport Avenue, Pawtucket, Rhode Island 02862.

3.     Defendant, HASBRO STUDIOS, LLC is a wholly owned subsidiary of

HASBRO, INC., is a Delaware Limited Liability Company located at 2950 N. Hollywood Way,

Burbank, California 91505, and is the company that produced the *Littlest Pet Shop* television

1

series.  Defendants are selling figurines with the name VINNIE TERRIO all across the United States, including into Florida.

4.      This action is brought by Plaintiff seeking damages, attorneys' fees and costs for Defendants' willful and deliberate use of Plaintiff's name, image and likeness without consent in violation of Florida Statute §540.08 and Florida Common Law, and for False Endorsement under §43(a) of the Lanham Act, as codified at 15 U.S.C. §1125(a).

5.      This Court has subject matter jurisdiction over the False Endorsement Lanham Act claim under 28 U.S.C. § 1331 and 1338(a) and supplemental jurisdiction over the state law claim for violation of Florida Statute §540.08.  Moreover, because the amount in controversy is over $75,000 and there is complete diversity, this Court has subject matter jurisdiction over all claims pursuant to 28 U.S.C. §1332(a).

6.      This Court has personal jurisdiction over Defendants pursuant to Fla. Stat. §§48.193(1)(a), 48.193(1)(b)and 48.193(2) in that Defendants are registered to do business in the State of Florida, are operating, conducting, engaging in, or carrying on a business or business venture in this state; have committed a tort against Plaintiff who resides in this District and was damaged in this District; and Defendants engage in substantial and not isolated activity within this state and District in that Defendants are promoting and selling the infringing products and airing the cartoon in this very District.

7.      Venue properly lies in this judicial district under 28 U.S.C. §§1391(b)(2), 1391(c)(2) in that the claims arose in this District, have the greatest nexus to this District, Plaintiff was harmed in this District and Defendants air the cartoon and sell the infringing products in this District.

## STATEMENT OF FACTS AS TO ALL COUNTS

### *Deney Terrio*

8.      Denis George Mahan, professionally known as Deney Terrio ("DENEY TERRIO"), is an American choreographer and was the host of the famous television musical variety series *Dance Fever* from 1979 to 1985.

9.      DENEY TERRIO achieved fame as the dance coach and choreographer for John Travolta in the movie *Saturday Night Fever*.

10.      DENEY TERRIO is famous, in part, because of his signature dance moves, one of which where he would hold his left hip/upper thigh with his left hand and then point out to the right with his right hand and right pointer finger.

11.      DENEY TERRIO used this signature move on *Dance Fever* and in almost every appearance he has done since then.

12.      A representation of DENEY TERRIO's signature dance move is as follows:



13.     During his heyday with *Dance Fever*, he appeared in a number of films, including *The Idolmaker, Star Trek II: The Wrath of Khan, A Night in Heaven* and *Knights of the City*, and he guest-starred on popular television series of the time including *The Love Boat*.

14.     Throughout the 1990s, he toured nightclubs, performing with Motion, his two co-stars, and judging dance contests. DENEY TERRIO was referred to in the popular Steve Martin movie *Dirty Rotten Scoundrels*, in which Martin's character, a con-man and hustler named Freddy Benson, poses as a crippled veteran as part of a plan to extract money from a rich woman. In order to induce her pity, Benson claims that he lost use of his legs after he found his girlfriend having sex with DENEY TERRIO.

15.     DENEY TERRIO has appeared on several VH1 television specials and co-hosted the 2004 PBS television special *Get Down Tonight: The Disco Explosion*, which featured many popular disco artists from the 1970s, as well as actress Karen Lynn Gorney.  During the show, DENEY TERRIO and Gorney danced to the band Tavares' live performance of "More Than a Woman", as Gorney had with John Travolta in *Saturday Night Fever*.

16.     DENEY TERRIO also very recently hosted his own disco radio show on the Sirius satellite radio network, and he was a choreographer and competitor at regional *Dancing with the Stars* competitions.

17.     Currently, DENEY TERRIO tours with his live show *The Deney Terrio Dance Party;* and tours on his own hosting charity events and disco shows around the country.  He recently hosted Time Life Music's Infomercial "We Love the Nightlife" and he also choreographed the Off Broadway play, 3C.

4

***Defendants' Actions***

18.     Defendants' are the producers and owners of the cartoon, *Littlest Pet Shop,* which features a character, VINNIE TERRIO, who is modeled after DENEY TERRIO.  Defendants also sell figurines of VINNIE TERRIO separate and apart from the cartoon and use DENEY TERRIO's name, image and likeness in association with such sales.

19.     VINNIE TERRIO's character was designed by HASBRO designer Kirsten Ulive in 2011, and he was named after DENEY TERRIO.  A true and correct copy of the Wiki Page stating that VINNIE TERRIO was named after DENEY TERRIO is attached hereto as Exhibit A.

20.     Julie McNally Cahill, who is an American producer, writer, animator and co-creator and story editor for the 2012 *Littlest Pet Shop* series, admitted that VINNIE TERRIO is a pun on "DENEY TERRIO" in a tweet on April 12, 2014.  A true and correct copy of this tweet is attached hereto as Exhibit B.

21.     VINNIE TERRIO is a gecko with a talent for disco dancing, which is the source of DENEY TERRIO's fame.

22.     According to HASBRO's website, *Littlest Pet Shop* is one of HASBRO's top grossing productions.

23.     Defendants have created and  are selling or authorizing third parties to sell various products and figurines of VINNIE TERRIO via several Internet websites including, but not limited to, www.hasbro.com, www.walmart.com, www.toywhiz.com, www.amazon.com and www.ebay.com.  True and correct copies of various VINNIE TERRIO products for sale on several forums are attached hereto as Composite Exhibit C.

24.     Defendants are also selling the unauthorized VINNIE TERRIO figurines to McDonald's® Corporation who is then putting such figurines in their Happy Meals® and providing them to children all across the U.S.  A true and correct copy of proof that the toys are being offered by McDonald's® Corporation is attached hereto as Exhibit D.

25.     When selling such figurines, Defendants are using DENEY TERRIO's name, image and likeness without his consent and creating a false endorsement in that consumers believe that DENEY TERRIO is approving, endorsing or associated with the VINNIE TERRIO figurines.

26.     Given the obvious rhyming of the first names and identical last names, Defendants named VINNIE TERRIO after DENEY TERRIO and intended on confusing consumers into believing that DENEY TERRIO is endorsing the VINNIE TERRIO figurines, which is false.  This is also confirmed as seen in Exhibits A and B hereto.

27.     The VINNIE TERRIO figurines have the same hairstyle as DENEY TERRIO as seen in the images below:



28.   VINNIE TERRIO performs many of the signature dance moves which made DENEY TERRIO famous, as seen in the images below:





29.     DENEY TERRIO's fame originated during the 1970's, which was known as the Disco Era.   During his tenure on *Dance Fever,* a Disco Ball was always a key prop used on stage.   As seen in the images set forth above and below, Defendants are using this signature aspect of DENEY TERRIO's fame to promote and sell the infringing VINNIE TERRIO figurines and to further associate VINNIE TERRIO with DENEY TERRIO.



30.     Similarly, DENEY TERRIO was seen very often in a white suit during his heyday.   Defendants are using this signature aspect of DENEY TERRIO's fame as well to promote and sell the infringing VINNIE TERRIO figurines and to further associate VINNIE TERRIO with DENEY TERRIO.



31.     While DENEY TERRIO was on *Dance Fever,* his two co-stars and female dancers were called "MOTION."   Defendants are using this signature aspect of DENEY TERRIO's fame as well to promote and sell the infringing VINNIE TERRIO figurines.  As seen below, Defendants' figurine is named "Disco Dreams Vinnie Terrio," and the packaging states "with MAGIC MOTION."  Using the name TERRIO and MAGIC MOTION together is clearly meant to trade on DENEY TERRIO's fame and goodwill in his name, to promote the sale of Defendants' toys and products and to confuse consumers into thinking falsely that he is endorsing the VINNIE TERRIO figurines.



32.     In fact, actual confusion has already occurred in the marketplace in that consumers, friends and colleagues have contacted DENEY TERRIO and stated that they were unaware that he had a doll out and that they didn't know he had a deal with Defendants.

33.     Without Plaintiff's authorization, Defendant HASBRO, INC. has also filed and has received a trademark registration on the name VINNIE TERRIO for "toy animals and accessories for use therewith."  A true and correct copy of the trademark registration is attached hereto as Exhibit E.

34.     Plaintiff is being damaged as a direct and proximate result of Defendants' conduct alleged herein.

35.     All conditions precedent to the maintenance of this lawsuit have been performed or waived.

36.     Plaintiff has retained the undersigned attorneys to represent him in this action and has agreed to pay them a reasonable fee for their services.

## COUNT I

## FALSE ENDORSEMENT UNDER THE LANHAM ACT, SECTION 43(a), CODIFIED AT 15 U.S.C. §1125(a)

37.     Plaintiff and adopts and re-alleges each of the allegations in paragraphs 1 through 36 above as if fully recited herein.

38.     Plaintiff has achieved significant fame over the years in his name, DENEY TERRIO and for his work as a famous choreographer and disco dancer.

39.     Defendants violated the Lanham Act, Section 43(a), codified at 15 U.S.C. §1125(a) by using DENEY TERRIO's last name (TERRIO) and a name that is likely to cause confusion with DENEY (VINNIE), along with DENEY TERRIO's identity and likeness in his hairstyle, signature dance moves and signature characteristics to advertise, promote and sell the VINNIE TERRIO figurines.

40.     Such use by Defendants constitutes a false endorsement or false association in that consumers are likely to be confused, and in fact have already been confused, as to whether or not DENEY TERRIO has sponsored or approved the VINNIE TERRIO figurines.

41.     As seen in the Wiki article at Exhibit A and the tweet at Exhibit B as well as the trademark registration as Exhibit E, Defendants fully intended to model VINNIE TERRIO after DENEY TERRIO and to trade on his goodwill.

42.     Actual confusion has occurred on several occasions wherein friends and fans have been confused and thought that DENEY TERRIO had a new cartoon doll on the market or was sponsoring or endorsing the VINNIE TERRIO figurine.

43.     As a result of Defendants' unauthorized conduct, DENEY TERRIO has been damaged and has no adequate remedy at law.

12

## COUNT II

## VIOLATION OF FLORIDA STATUTE §540.08 - RIGHT OF PUBLICITY

44.     Plaintiff and adopts and re-alleges each of the allegations in paragraphs 1-36 above as if fully recited herein.

45.     This is an action for compensatory damages to recover damages for the injury sustained by Plaintiff, including an amount which would have been a reasonable royalty pursuant to Fla. Stat. §540.08.

46.     In violation of Fla. Stat. §540.08, Defendants used DENEY TERRIO's name, image and likeness without DENEY TERRIO's permission to promote and sell a commercial product, namely, the VINNIE TERRIO figurines.

47.     Defendants' appropriation of DENEY TERRIO's name, image and likeness was to HASBRO's advantage commercially and was done for commercial or advertising purposes.

48.     DENEY TERRIO did not consent to Defendants' use of his name, image and likeness via express written or oral consent.

49.     DENEY TERRIO has been damaged as a result of Defendants' actions.

50.     DENEY TERRIO has no adequate remedy at law.

**WHEREFORE**, Plaintiff prays for the following relief against Defendants:

a.      That Defendants be preliminarily and permanently enjoined from using DENEY TERRIO's name, image or likeness to sell VINNIE TERRIO figurines and/or any other commercial product that is likely to cause confusion among consumers into believing that DENEY TERRIO is sponsoring or endorsing the product;

b.      That Defendants be required to pay the Plaintiff the actual damages suffered by Plaintiff and the profit realized by Defendants as a result of the misappropriation of Plaintiff's name, image and likeness and false endorsement, including interest and that those damages be

increased as provided by law;

    c.    That Plaintiff be awarded its costs and reasonable attorneys' fees by deeming this case an "exceptional case" under 15 U.S.C. §1117(a)(3); and

    d.    That Plaintiff has such further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues triable.

Respectfully Submitted,

BEUSSE WOLTER SANKS & MAIRE, P.A.
390 N. Orange Avenue
Suite 2500
Orlando, FL  32801
Telephone:    (407) 926-7700
Facsimile:    (407) 926-7720
Email: adavis@iplawfl.com
Email: kwimberly@iplawfl.com
Attorneys for Plaintiff

/s/ Amber N. Davis
Amber N. Davis
Florida Bar No. 0026628
Kevin W. Wimberly
Florida Bar No. 0057977