## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

DENIS GEORGE MAHAN P/K/A
DENEY TERRIO, an individual,

      Plaintiff,

v.                                 CASE NO. 6:15-cv-188-ORL-RBD-GJK

HASBRO, INC., a Rhode Island corporation
and HASBRO STUDIOS, LLC, a Delaware
limited liability company,

      Defendants.
_____/

## ANSWER

      Defendants Hasbro, Inc. ("Hasbro") and Hasbro Studios, LLC ("Hasbro Studios") (collectively, "Defendants") hereby answer the Complaint of Plaintiff Denis George Mahan p/k/a Deney Terrio ("Plaintiff") as follows:

## PARTIES, JURISDICTION AND VENUE

      1.      Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 1 of the Complaint and on that basis deny them.

      2.      Defendants admit the allegations in Paragraph 2 of the Complaint.

      3.      Defendants admit that Hasbro Studios is a Delaware limited liability company and a wholly owned subsidiary of Hasbro. Defendants admit that Hasbro Studios has offices located at 2950 N. Hollywood Way, Burbank, California 91505. Defendants admit that Hasbro Studios produces the television series entitled *Littlest Pet Shop* (the "Show"). Defendants admit that Hasbro sells figures with the name "Vinnie Terrio" in the United States, including Florida. Except as expressly admitted herein, Defendants deny the remaining allegations in Paragraph 3 of the Complaint.

4.     Paragraph 4 of the Complaint merely contains Plaintiff's description of this action, to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 4 of the Complaint.

5.     Paragraph 5 of the Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 5 of the Complaint.

6.     Paragraph 6 of the Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants admit that Hasbro, Inc. is registered to do and does business in Florida, and deny the remaining allegations in Paragraph 6 of the Complaint.

7.     Defendants deny the allegations in Paragraph 7 of the Complaint.

## STATEMENT OF FACTS AS TO ALL COUNTS

### *Deney Terrio*

8.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and, accordingly, deny such allegations.

9.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and, accordingly, deny such allegations.

10.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and, accordingly, deny such allegations.

11.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and, accordingly, deny such allegations.

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 of the Complaint, and, accordingly, deny such allegations.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and, accordingly, deny such allegations.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and, accordingly, deny such allegations.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and, accordingly, deny such allegations.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and, accordingly, deny such allegations.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and, accordingly, deny such allegations.

### *Defendants' Actions*

18.     Defendants admit that they are the producers and owners of the Show. Defendants admit that the Show includes a character named "Vinnie Terrio."  Defendants admit that Hasbro sells Vinnie Terrio figures.  Except as expressly admitted herein, Defendants deny the remaining allegations in Paragraph 18 of the Complaint.

19.     Defendants admit that the character Vinnie Terrio was designed by independent contractor Kirsten Ulive in 2011.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 of the Complaint, and, accordingly, deny such allegations.

20.     Defendants admit that Julie McNally Cahill is an executive producer and story editor for the Show.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 of the Complaint, and, accordingly, deny such allegations.

21.     Defendants admit that the character Vinnie Terrio is a cartoon gecko that has a talent for dancing in his imagination.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 of the Complaint, and, accordingly, deny such allegations.

22.     On information and belief, Defendants deny the allegations in Paragraph 22 of the Complaint.

23.     Defendants admit that Hasbro manufactures and sells, or authorizes third parties to sell, figures of the character Vinnie Terrio through websites available at www.hasbro.com, www.walmart.com, www.toywhiz.com, and www.amazon.com.  Defendants deny that they sell or have authorized third parties to sell figures of the character Vinnie Terrio through the website available at www.ebay.com.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Complaint, and, accordingly, deny such allegations.

24.     Defendants admit that McDonald's Corporation ("McDonald's") was authorized to include figurines of characters from the Show, including, but not limited to, figures of the

character Vinnie Terrio, in McDonald's Happy Meals in the United States, but denies that it sold any figurines of characters from the Show, including, but not limited to, figures of the character Vinnie Terrio to McDonald's.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 of the Complaint, and, accordingly, deny such allegations.

25.     Defendants deny the allegations in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations in Paragraph 26 of the Complaint.

27.     Defendants deny the allegations in Paragraph 27 of the Complaint.

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and, accordingly, deny such allegations.

29.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 29 of the Complaint, and, accordingly, deny such allegations.  Defendants deny the allegations in the third sentence of Paragraph 29 of the Complaint.

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 30 of the Complaint, and, accordingly, deny such allegations.  Defendants deny the allegations in the second sentence of Paragraph 30 of the Complaint.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 31 of the Complaint, and, accordingly, deny such allegations.  Defendants deny the allegations in the second sentence of Paragraph 31 of the Complaint.  Defendants admit that Hasbro manufactured and sold a figure named "Disco

Dreams Vinnie Terrio" in packaging that stated "with Magic Motion," but expressly deny the remaining allegations in the third and fourth sentences of Paragraph 31 of the Complaint.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and, accordingly, deny such allegations.

33.     Defendants admit that Hasbro owns a federal trademark registration for VINNIE TERRIO for toy animals and accessories for use therewith.  Defendants admit that it did not and did not need to seek Plaintiff's authorization before seeking the federal trademark registration for VINNIE TERRIO.

34.     Defendants deny the allegations in Paragraph 34 of the Complaint.

35.     Paragraph 35 of the Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 35 of the Complaint.

36.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint, and, accordingly, deny such allegations.

## COUNT I

## FALSE ENDORSEMENT UNDER THE LANHAM ACT, SECTION 43(a), CODIFIED AT 15 U.S.C. § 1125(a)

37.     Defendants incorporate their responses to Paragraphs 1-36 of the Complaint.

38.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint, and, accordingly, deny such allegations.

39.     Defendants deny the allegations in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations in Paragraph 41 of the Complaint.

42.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of whether friends or fans of plaintiff have made such statements to plaintiff.  Defendants deny the remaining allegations in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations in Paragraph 43 of the Complaint.

## COUNT II

## VIOLATION OF FLORIDA STATUTE § 549.08 – RIGHT OF PUBLICITY

44.     Defendants incorporate their responses to Paragraphs 1-44 of the Complaint.

45.     Paragraph 45 of the Complaint merely contains Plaintiff's description of this action, to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations in Paragraph 47 of the Complaint.

48.     Defendants admit that Plaintiff did not approve and did not need to approve of the character Vinnie Terrio, but expressly deny the remaining allegations in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations in Paragraph 50 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to (i) any judgment, declaration, order or decree against Defendants and/or (ii) any relief – equitable or otherwise – requested in Plaintiff's prayer for relief.

## DEMAND FOR JURY TRIAL

Defendants request a trial by jury on all issues so triable in this action.

## DEFENDANTS' AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Traditional Fair Use)

Defendants' alleged conduct constitutes a fair use.

## SECOND AFFIRMATIVE DEFENSE

### (Nominative Fair Use)

Defendants' alleged conduct constitutes a nominative fair use.

## THIRD AFFIRMATIVE DEFENSE

### (*De Minimus* Or Incidental Use)

The Complaint and all claims set forth therein are barred on the grounds that any alleged use by Defendant of Plaintiff's name and/or likeness was *de minimus* or incidental.

## FOURTH AFFIRMATIVE DEFENSE

### (First Amendment)

The Complaint and all claims set forth therein are barred on the grounds that Defendants' alleged conduct was protected by the First Amendment to the United States Constitution.

## FIFTH AFFIRMATIVE DEFENSE

### (Acquiescence)

Upon information and belief, the Complaint and all claims set forth therein are barred by the doctrine of acquiescence.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

Upon information and belief, the Complaint and all claims set forth therein are barred by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

Upon information and belief, the Complaint and all claims set forth therein are barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

Upon information and belief, the Complaint and all claims set forth therein are barred by the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

### (Article I, Section 4 Of The Florida Constitution)

The Complaint and all claims set forth therein are barred on the grounds that Defendants' alleged conduct was protected by Article I, Section 4 of the Florida Constitution.

## TENTH AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction)

This Court lacks personal jurisdiction over Hasbro Studios in connection with the allegations contained in the Complaint.

## CERTIFICATE OF SERVICE

I certify that on this 1st day of May, 2015, a true and correct copy of the foregoing was served via ECF which will forward a copy to Amber N. Davis, Esq., and Kevin W. Wimberly, Esq., BEUSSE WOLTER SANKS & MAIRE, P.A, 390 N. Orange Avenue Orlando, Florida  32801.

/s/ *Joseph J. Weissman*
Frank R. Jakes, FBN 372226
Email:  frankj@jpfirm.com
Joseph J. Weissman, FBN 0041424
Email:  josephw@jpfirm.com
JOHNSON, POPE, BOKOR, RUPPEL & BURNS, LLP
403 E. Madison Street, 4th Floor
Tampa, FL  33602
Tel: (813) 225-2500
Fax: (813) 223-7118

and

James E. Curry (admitted *pro hac vice*)
Email:  jcurry@sheppardmullin.com
Benjamin O. Aigboboh (admitted *pro hac vice*)
Email:  baigboboh@sheppardmullin.com
SHEPARD MULLIN RICHTER & HAMPTON, LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA  90067
Tel: (310) 228-3700
Fax: (310) 228-3701

Counsel for Defendants

#2391862